App. 44; Frazier v. Caruthers, 44 Ill. App. 61; Hunt v. Osterhoudt, 11 Barb. 35.

[17] The sworn statement of the landlord that this plaintiff was the lessee, and that he was indebted for rent due under the lease long after the service of the notice of election to terminate the lease and commencement of the ejectment suit in 1910 on the ground of forfeiture by reason of the assignment, and the acceptance by the landlord of rent for six months after the final disposition against her of the second summary proceeding, December 15, 1911, and down to and including the month the tender of the $60,000 was made, and the continued acknowledgment by defendant of this plaintiff as lessee by the acceptance of rent from him after the service of the notice in April, 1912, of intention to exercise the option to buy the premises, certainly were an absolute waiver of any forfeiture and of any right which accrued by reason of the service of the notice of election to terminate the lease and the commencement of the ejection suit, and reinstated and continued the lease the same as before. This plaintiff was in possession as lessee when the tender of July 9, 1912, was made, as far as the rights of the landlord were concerned.

[18] The contention of the defendants that the amount tendered was not sufficient because the plaintiff did not offer again to pay the rent which the landlord had previously refused to accept is without merit. By the previous tender of the rents this plaintiff had performed his part of the covenants. On the tender already made and the exercise of the option to buy, plaintiff was not obliged to make a tender of the rents again. It is because of this previous tender of the rents that he was in a position to exercise the option. If he had not paid or tendered the rents, he would have been in default. His tender once is full performance on his part, and he was not obliged to repeat performance by tendering a second time the rents which the landlord had refused to accept. Of course, on the closing of the title the unpaid rents must be paid without interest, subject to any proper offset.

There should be judgment for plaintiff, directing a conveyance of the property as of July 9, 1912, with costs. Settle decision and decree upon notice. Counsel will be heard upon the question of allowances upon the settlement of the decision and decree.

---

### ADOLPH PRINCE CO. v. PYLA.

(Supreme Court, Appellate Term, First Department.   February 13, 1914.)

SALES (§ 52*)—ACTIONS FOR PRICE—EVIDENCE.

In an action for the price of liquors sold to defendant, evidence *held* insufficient to show a sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 118–144, 1045; Dec. Dig. § 52.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Adolph Prince Company against Michael Pyla. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued January term, 1914, before LEHMAN, BIJUR, and PAGE, JJ.

Samuel J. Siegel, of New York City (Chester E. Frankel, of New York City, of counsel), for appellant.

Harry Gordon, of New York City (Irving Gordon, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued for the price of certain liquors claimed to have been sold and delivered by it to defendant. The only evidence of the sale and delivery of the goods by the plaintiff was a receipt on one of plaintiff's shipping slips signed by defendant, and the testimony of plaintiff's driver, who said: "I went in and told him I got some goods for him from the Prince Company—what he ordered." This is no proof of a sale by plaintiff, and the complaint should have been dismissed on defendant's motion. Defendant not only denied this testimony of the driver, but showed that he had actually paid another party for these goods, and detailed the circumstances of the purchase. There was proof that this third party was the agent of the plaintiff, and, of course, none at all that, if he had been such agent, defendant knew it.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.

PAGE, J., concurs. LEHMAN, J., concurs in the result.